**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: July 31, 2015
Date Decided: August 13, 2015
As Revised: August 14, 2015

David J. Weidman, Esquire
Sergovic, Carmean & Weidman, P.A.
142 East Market Street
Georgetown, DE 19947

Richard L. Abbott, Esquire
Abbott Law Firm LLC
724 Yorklyn Road, Suite 240
Hockessin, DE 19707

Re: *Seabreeze Homeowners Association, Inc. v.*
*Marshall Jenney, et al.*
Civil Action No. 8635-VCG

Dear Counsel:

In my personal life, I have inherited my father's decades-long struggle with an improvidently-planted wisteria that has gone rogue. Wisteria, like litigation, can be an ornament to society or a noxious agent, depending upon the circumstances. The instant litigation is the wisteria of my professional life.

Currently before me is the Respondents' Motion to Alter or Amend Judgment or for Reargument (the "Motion") relating to my Order of July 22, 2015 (the "July 22 Order"). In what I thought was the last act in this long and unfortunate litigation—involving an attempt by a homeowners association to compel a homeowner to trim foliage—I entered a fee award for vexatious litigation as a judgment against the original Respondent, Marshall Jenney, in favor of the

Petitioner in the amount of $3,750.00. Inadvertently, I signed a form of order provided by Petitioner's counsel that imposed that order as a judgment against both Marshall Jenney and his wife, Erin C. Jenney, also a party Respondent. Mrs. Jenney became a party after a sham transfer of the real property at issue from Mr. Jenney to Mrs. Jenney. I found that that transfer was in contempt of this Court's attempt to enforce a settlement that was entered as a Court Order. Because Mrs. Jenney participated, at least passively, in the sham transaction, Petitioner's counsel assumed that she should be a part of the order awarding attorneys' fees, and drafted a form of order accordingly. However, I have made no finding of vexatious litigation against Mrs. Jenney, and, in my haste to trim this litigation to its perhaps-indestructible root, I signed the July 22 Order without sufficient consideration. In sum, the Order assessing fees as a judgment against both Jenneys was error on my part. Therefore, I have vacated the July 22 Order. It is void and of no effect. I have attached a substitute Order imposing the fees in question as a judgment against Marshall Jenney, solely.

I note that this matter came before me on the Jenneys' Motion under Rules 59(e) and (f) to alter or amend the July 22 Order. That speaking Motion generated an Answering Memorandum and a Reply. In the context of everyday litigation— as opposed to salt-the-earth, kill-and-be-killed litigation of the kind now before me—the matter of whether the Order in question contained an error would have

2

been resolved by a telephone call with the Court. A description of this litigation as a Potlatch, in its sense of a self-destructive competition, would not be misplaced. In the memoranda, the attorneys for both sides have argued vexatious litigation on the part of their opponent in connection with the July 22 Order and resulting Motion, and both seek fees in connection with presenting or defending the Motion. Those arguments are misplaced. This was a simple mistake by the Judge, not a litigant's or attorney's Machiavellian scheme or nefarious plot to impose or avoid a thirty-seven hundred dollar judgment. Accordingly, both requests to shift fees are denied. It is my belief that this litigation, noxious and resilient as it has proved, is now over. Time will tell whether it has been eradicated any more successfully than my wisteria.

Sincerely,

/s/ *Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

SEABREEZE HOMEOWNERS )
ASSOCIATION, INC., )
                              )
         Petitioner, )
                              )
   v.                    ) C.A. No. 8635-VCG
                              )
MARSHALL JENNEY and ERIN C. )
JENNEY, )
                              )
        Respondents. )

## <u>ORDER</u>

AND NOW, this 13th day of August, 2015,

The Court having entered an Order dated June 11, 2015 awarding Petitioner $3,750.00 in attorney's fees and an Order dated July 22, 2015 reducing that award to a judgment:

IT IS HEREBY ORDERED that the June 11, 2015 Order consists of a judgment in the amount of $3,750.00 in favor of Petitioner against Respondent Marshall Jenney and that the July 22, 2015 Order is vacated.

SO ORDERED:

/s/ Sam Glasscock III

Vice Chancellor